UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ANAEN GOYBURU CORP., VILLAGE TAXI CORP.,
P.C., TAXI CORP. and LUSO AMERICAN TAXI,
INC.,

                                              Plaintiffs,

-against-

VILLAGE OF PORT CHESTER, VILLAGE OF PORT
CHESTER BOARD OF TRUSTEES, MAYOR
DENNIS PILLA, VILLAGE TRUSTEE DOMENICK
CICATELLI, VILLAGE TRUSTEE JOSEPH
KENNER, VILLAGE TRUSTEE ROBERT
SORENSEN, VILLAGE TRUSTEE GREGORY
ADAMS, VILLAGE TRUSTEE DANIEL
BRAKEWOOD, VILLAGE CLERK OF PORT
CHESTER and DOLORES GONZALEZ,

                                              Defendants.
------------------------------------------------------------------------x

**DECLARATION**

Docket No. 09 Civ. 3540 (CS) (LMS)

       **MARK A. RADI,** an attorney duly admitted to practice law in the State of New York and within this judicial district, declares that the following statements are true and correct under the penalty of perjury:

       1.    I am an associate at the law firm SOKOLOFF STERN LLP, counsel for the defendants in this action. I submit this declaration in support of defendants' motion for contempt and sanctions pursuant to Fed. R. Civ. P. 37(b)(2) and 45(e).

       2.    Defendants request that this Court issue an order pursuant to Fed. R. Civ. P. 45(e) holding non-party/expert witness Ramon Beltre in contempt of court for failure to comply with multiple subpoenas and an order of this Court requiring him to produce certain documents. Defendants also request that the Court sanction Mr. Beltre pursuant to Fed. R. Civ. P. 37(b)(2) and award costs and attorneys' fees to defendants for failure to comply with Your Honor's order.

3. On October 30, 2013, Mr. Beltre was served with a subpoena to testify at a deposition and to produce all documents pertaining to all sales, purchases, offers, and agreements to sell or purchase RC Taxi, P.C. Taxi, Village Taxi, and Luso American Taxi made by him or to him, including, but not limited to contracts, written offers, written demands, correspondence, notes, emails, cancelled checks, invoices, receipts, etc. (Ex. A.)

4. Mr. Beltre confirmed his deposition for December 2, 2013 and agreed to produce the requested documents during a telephone conversation. However, he failed to appear for his deposition or produce the documents. (Ex. B.)

5. On December 6, 2013, Your Honor issued an order requiring Mr. Beltre to appear for his deposition on December 27, 2013 and to produce all requested documents. (Id.) Mr. Beltre was served with a copy of the order. (Ex. B; Ex. C.) Mr. Beltre agreed to produce the requested documents during multiple telephone conversations. He never objected to the document requests or moved to quash the subpoena.

6. Mr. Beltre appeared for his deposition on December 27, 2013, but failed to produce the requested documentation. (Ex. H.) On January 7, 2014, I followed up with a written request to produce the requested documents. (Ex. D.) Mr. Beltre never produced the requested documents.

7. On January 23, 2014, Your Honor granted defendants permission to further depose Mr. Beltre as plaintiffs confirmed him as an expert witness subsequent to his deposition. (SDNY Docket Minute Entries for December 3, 2013 and January 23, 2014.)

8. On February 6, 2014, Mr. Beltre was served with a subpoena to testify at a deposition and to produce the same documents that had been previously requested prior to the deposition. (Ex. E; Ex. F.) By letter dated March 3, 2014, we confirmed Mr. Beltre's deposition for March 12, 2014 and again reminded him to produce the requested documents prior to the

deposition. (Ex. G.) Mr. Beltre never objected to the document requests or moved to quash the subpoena and, in fact, agreed to produce the requested documents during multiple telephone conversations.

9. Mr. Beltre appeared for his deposition on March 12, 2014, but failed to produce all of the requested documents. Although Mr. Beltre did produce two documents, he indicated that he possessed additional documents and agreed to produce them. (Ex. H.)

10. As of this date, Mr. Beltre has failed to fully comply with two subpoenas and a Court order requiring him to produce all of the requested documents in his possession, custody, or control. These documents are material to plaintiffs' alleged damages, Mr. Beltre's expert opinion regarding the value of the plaintiff companies based upon his experience in buying and selling taxi companies, and Mr. Beltre's general credibility as a witness, and must be produced.

11. Accordingly, Mr. Beltre should be held in contempt of court and sanctioned for failure to comply with multiple subpoenas and an order of this Court.

**WHEREFORE,** defendants respectfully request that this Court grant their motion for contempt and award costs and attorneys' fees to defendants with such other and further relief as this Court deems, just, equitable, and proper.

Dated: Carle Place, New York
May 19, 2014

SOKOLOFF STERN LLP

MARK A. RADI
179 Westbury Avenue
Carle Place, New York 11514
(516) 334-4500
File No. 090027